UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| DEBBIE HINES and DEONCA SHULER SHIELDS,<br><br>        Plaintiffs,<br><br>    v.<br><br>AZZ, INC., and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>        Defendants. | Case No.:<br><br>Judge_____<br><br>Magistrate:_____ |

## COMPLAINT

COMES NOW the Plaintiffs, DEBBIE HINES and DEONCA SCHULER SHIELDS, by and through the undersigned attorneys, for their Complaint against Defendants AZZ, INC. and SUN LIFE ASSURANCE COMPANY OF CANADA and alleges as follows:

## PARTIES

1. Plaintiff Debbie Hines ("Ms. Hines") is a resident of Kershaw County, South Carolina and is the beneficiary of the Sun Life Assurance Company of Canada (Sun Life") Policy No. 24671 (the Policy).

2. Plaintiff Deonca Schuler Shields (Ms., Shields") is a resident of Kershaw County, South Carolina and is the beneficiary of the Sun Life Assurance Company of Canada (Sun Life") Policy No. 24671 (the Policy).

1

3. Defendant AZZ, Inc. ("AZZ") is a Texas company with headquarters located in Fort Worth Texas and is authorized to transact business in the State of Ohio. AZZ is the named Plan Administrator, fiduciary and Plan Sponsor of the AZZ Incorporated Group Insurance Plan and Summary Plan Description (the "AZZ Plan"). The AZZ Plan is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1001, et seq. and is for the benefit of certain of its employees. AZZ may be served through its Plan Administrator, Mathew V. Emery at 3100 West 7th Street, Suite 500, Fort Worth, Texas.

4. Defendant Sun Life Assurance Company of Canada ("Sun Life") is a Massachusetts insurance company authorized to transact business in the State of Texas. Sun Life insures the life benefits under the Sun Life Policy No. 24671 (the "Policy"). The Policy is a component document of the AZZ Plan and subject to ERISA. Sun Life is authorized and required to determine claims for benefits under the terms of Policy. Sun Life may be served through its registered agent, Scott M. Davis, located at One Sun Life Executive Park, Wellesley Hills, MA 02481.

**JURISDICTION AND VENUE**

5. Pursuant to Section 29 U.S.C. §1132(e) and 28 U.S.C. § 1331 this Court has original subject matter jurisdiction because this Complaint arises under ERISA. Specifically, Plaintiffs bring this action to enforce their rights under ERISA as authorized by 20 U.S.C. §1132(a)(1)(B) and §1132(a)(3).

6. Pursuant to 29 U.S.C. §1132(e), venue is proper in this Court because certain Plan benefits were denied to Plaintiff in Cincinnati, Ohio.

## FACTUAL ALLEGATIONS

### Mr. Hines' Employment, Participation in the AZZ Plan and Enrollment in Sun Life Policies

7. At all times relevant, Plaintiff Debbie Hines now deceased husband and Plaintiff Deonca Schuler Shields' now deceased father, Maurice Hines ("Mr. Hines" or the "Insured") was employed by AZZ.

8. Mr. Hines began fulltime employment with AZZ on or about August 31, 1981.

9. As a fulltime AZZ employee, Mr. Hines was afforded the opportunity to participate in the AZZ Plan.

10. AZZ is the named Plan Administrator, fiduciary and plan sponsor of the AZZ Plan.

11. At all times relevant Defendant AZZ was an ERISA fiduciary and owed Mr. Hines and his beneficiaries all of the duties prescribed under the Plan and ERISA, including without limitation those set forth in 29 U.S.C. §1104(a).

12. According to the AZZ Plan, with respect to a component program, AZZ may delegate some or all of its duties and authority as plan administrator to a third-party claims administrator.

13. On or about January 1, 2017, Sun Life issued component document Sun Life Group Policy No. 246271-002 (the "Life Policy") which provided among other things, basic and optional group life insurance coverage to AZZ employees. Sun Life, through a separate component document also offered long term disability ("LTD") coverage to AZZ employees.

14. During open enrollment in 2017, and at all relevant times thereafter, Mr. Hines elected to enroll in basic life coverage in the amount of $40,000 and optional life coverage in the amount of $200,000. Mr. Hines also elected to enroll in LTD coverage.

15. Mr. Hines named his wife Plaintiff Debbie Hines and his daughter Plaintiff Deonca Shuler Shields (collectively referred to as "Plaintiffs") as beneficiaries under the Life Policy.

**The Life Policy**

16. According to the Life Policy, Sun Life agrees to pay benefits in accordance with all provisions provided by the Life Policy for employee basic life and employee optional life.

17. The Life Policy also provides that it is delivered in Texas and is subject to the laws of that jurisdiction.

18. The Life Policy provides that coverage ends on the earliest date the employee is no longer in an eligible class, the last date any required premium has been paid or the date employment terminates.

19. The Life Policy provides that coverage can be continued under a waiver of premium if the employee is totally disabled and under the age of 60.

20. The Life Policy provides that Defendant AZZ may continue Mr. Hines' insurance coverage by paying the required premiums for up to 12 months after he was absent from work due to injury or sickness.

21. The Life Policy provided Mr. Hines a right to convert his life insurance to an individual policy if his life insurance ceased or reduced due to termination of employment; or

4

termination of membership in an Eligible Class; or termination of his Waiver of Premium continuation; or at the end of his continuation period due to an approved leave of absence.

22. The Life Policy provided Mr. Hines a right to convert his life insurance coverage to an individual policy within a time specified under the terms of the Life Policy.

23. The Life Policy provided Mr. Hines' right to convert his coverage was subject to the condition that he receive notice from Defendant AZZ of his right to convert.

24. The Life Policy further provided that if Defendant AZZ failed to give Mr. Hines notice of his right to convert, Mr. Hines' right to convert would be extended under the terms of the Life Policy to a date certain.

25. The Life Policy further provided that if Mr. Hines died during the 31-day conversion period, including the conversion period as extended due to the failure of Defendant AZZ to give him notice of his right to convert, then Mr. Hines' beneficiaries would be entitled to the proceeds of the Life Policy just as if Mr. Hines had been given notice of his right to convert and had exercised that right.

**Maurice Hines Terminal Illness and Claim for LTD Benefits**

26. On or about April 17, 2020, at age 63, after almost 40 years of employment, Mr. Hines was forced to stop working and was granted a leave of absence from Defendant AZZ after being diagnosed with pancreatic cancer.

27. Defendant AZZ exercised its discretion and elected to continue Mr. Hines' basic and optional life insurance coverage and made premium payments on his behalf.

28. As a result of his life-threatening diagnoses, poor prognosis, and inability to return to work, Mr. Hines, through Defendant AZZ, applied to Sun Life for LTD benefits.

29. Defendant Sun Life, after reviewing his medical information, approved the LTD benefits beginning on or about April 20, 2020.

30. By letter dated September 30, 2020, Defendant Sun Life informed Mr. Hines that he was ineligible for a waiver of premium because he was over the age of 60. The letter stated that

> *"when your life insurance ends, you may be able to convert the amount of your group insurance to an individual policy, without a medical exam. Under the policy terms, **you have a limited time to apply to convert your group life coverage to an individual policy.** You should consult your group policy and employer's benefit administrator for specific information governing your conversion rights, including the timeframe by which you must submit your application for an individual policy."*

31. On October 11, 2020, Plaintiff Ms. Hines emailed Defendant AZZ office manager Michelle Fletcher updating her on Mr. Hines' poor health and asked for clarification of the September 30, 2020 letter and whether she, on behalf of her ailing husband, needed to do something on her end or pay something for the life insurance coverage. Michelle Fletcher responded that she had no idea and needed to send the questions off to get a better answer.

32. Michelle Fletcher reached out to human resource officer and benefits specialist/analyst Krystina Pryor, who upon information and belief is responsible for administration of the plan.

33. Krystina Pryor stated that the letter Mr. Hines received on September 30, 2020 had to do with the Life Waiver Premium and it means that insurance premium payments could be

6

waived if the employee qualifies but Mr. Hines was not approved because he went out on his disability after his 60th birthday. She recommended that Ms. Hines "contact Sun Life in the letter if she has further questions."

34. At no point did Defendant AZZ address Ms. Hines' payment inquiry or whether Ms. Hines needed to do something to keep the life insurance active or otherwise provide information to her about the timeframe as to when Mr. Hines' needed to convert his life insurance coverage.

35. At no time did Defendant AZZ provide notice to Mr. Hines as to when his right to convert his policy would begin.

36. On March 30, 2021, Defendant Sun Life approved Mr. Hines' LTD benefits beyond October 19, 2021.

37 By certified letter dated May 3, 2021, Defendant AZZ informed Mr. Hines that because Defendant Sun Life had approved his LTD benefits beyond October 19, 2021 and he was unable to return to work, his employment would be terminated as of May 7, 2021. The letter also stated that his benefits with Defendant AZZ would be active through May 31, 2021 and that he would be eligible for COBRA.

38. The May 3, 2021 letter made no mention of Mr. Hines' conversion privilege or otherwise advise him of the timeframe to convert his group policy to an individual policy under the conversion privilege.

39. Defendant AZZ failed to comply with its obligation under the Life Policy to provide Mr. Hines notice of when he had to convert his group policy.

7

40. Defendant AZZ elected to continue Mr. Hines' basic life coverage from April 16, 2020 up util May 8, 2021 by making the required premium payments to Defendant Sun Life. Defendant AZZ also elected to continue his optional life coverage until May 31, 2021 by making the required premium contributions to Defendant Sun Life.

41. Mr. Hines died on May 28, 2021, which was within the conversion period as extended due to the failure of AZZ to give him notice of his right to convert.

**Plaintiffs' Claim for Benefits Following Mr. Hines' Death**

42. Following his death, Plaintiff Debbie Hines timely filed claims for both the basic and optional life benefits under the Life Policy.

43. Defendant Sun Life denied Plaintiff's claim.

44. Plaintiffs' timely appealed Sun Life's determination.

45. Defendant Sun Life denied the appeal.

46. Plaintiffs have exhausted the administrative remedies available to them under the Policy and/or exhaustion has been excused or is waived.

47. As of the date of this Complaint, Defendant Sun Life has failed to pay Plaintiffs sums due pursuant to the terms of the Plan.

**COUNT I – For Benefits**

**29 U.S.C. § 1132(a)(1)(B)**

48. Plaintiffs incorporates all of the allegations contained in all of the paragraphs above, and further states:

49. Plaintiffs bring this claim against Sun Life under 29 U.S.C. §1132(a)(1)(B) and seeks an award of life insurance benefits.

50. Under the terms of the Life Policy, Mr. Hines was insured by the Life Policy at the time of his death and his beneficiaries, Plaintiff Debbie Hines and Plaintiff Deonca Shuler Shields are entitled to the proceeds of the life insurance benefit available under the terms of the Life Policy.

51. Defendant Sun Life's denial of Plaintiffs' claim was incorrect, wrong, and unreasonable because it failed to consider Plaintiffs' evidence and it misapplied the clear and unambiguous terms of the Life Policy.

52. As a result of the denial of their claim, Plaintiffs have suffered damage, *inter alia*, in the form of unpaid life insurance benefits.

## Count II- For Breach of Fiduciary Duty

### 29 U.S.C. §1132(a)

53. Plaintiffs incorporates all of the allegations contained in all of the paragraphs above, and further states:

54. Plaintiffs bring this claim against Defendant AZZ under 29 U.S.C. §1132(a) and seek equitable relief.

55. Under the terms of the Life Policy, Defendant AZZ had certain fiduciary duties, including the duty to inform Mr. Hines of his right to convert his life insurance coverage and to permit him to do so.

56. This duty was further heightened given the fact that Defendant AZZ was aware that its long-time employee Mr. Hines was dying of terminal cancer and the Hines inquired after Mr. Hines waiver of premium had been denied if at that point they needed to do something or pay something to continue his life insurance.

57. Defendant AZZ breached their obligations to the Hines' and Deonca Shuler Shields by failing to notify Mr. Hines of his right to convert life insurance coverage, including when he needed to exercise his right, thereby effectively precluding him from so doing.

58. As a direct result of Defendant AZZ's breach of fiduciary duty, Plaintiffs have been denied the full value of the Life Policy insurance proceeds and have been damaged in the amount of unpaid life insurance proceeds of at least $240,000, plus interest, the actual amount which will be proved at trial.

59. Plaintiffs are entitled to equitable relief to remedy these breaches of fiduciary duty including, but not limited to, the equitable remedies of estoppel and surcharge.

WHEREFORE, Plaintiffs prays for relief against Defendants as follows:

A. A determination that Plaintiffs are entitled to life insurance benefits under the terms of the Life Policy;
B. An award of life insurance benefits;
C. In the alternative, such equitable relief as the Court deems appropriate under the circumstances, including but not limited to the equitable remedies of estoppel and surcharge;
D. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

E. For payment of pre-judgement and post-judgement interest as allowed for under ERISA;

F. For such other and further relief as this Court deems just and proper.

        Respectfully Submitted,

        MORGAN & MORGAN, P.A.

        */s/ Jesse A. Shore*_____
        Jesse A. Shore (91730)
        jshore@forthepeople.com
        MORGAN & MORGAN
        300 Madison Avenue, Suite 200
        Covington, KY 41011
        Telephone: (859) 899-8786
        Facsimile: (859) 899-8807
        *Attorney for Plaintiff*